Johnson? Correct. Okay, well, then we are ready to proceed. Ms. Kraft-Hepner, you may proceed. Thank you. May it please the court, Carrie Lynn Kraft-Hepner, on behalf of the Appalachian Arlen Cunningham, who's the Brighton Township Highway Commissioner, as well as the Brighton Township Road District. So this is a case of first impression, which will hopefully resolve a long time. Township officials have had throughout the state for many years, and however you rule today, township officials throughout the state are going to be rejoicing. However, you should rule in favor of the appliance for the following reasons. So the issue in this case is to what extent can a township board arbitrarily modify a road district budget submitted by a highway commissioner without making any findings at all as to whether all or part of the budget is necessary or unnecessary. Now, the highway commissioner believes that the township board does have significant discretion in adopting a budget. Ms. Kraft-Hepner, before we get into that, let me ask this question. Why is this appeal not moot? This appeal is not moot for two reasons. First of all, when, first of all, the circuit court clerk sent the order in this matter to an incorrect address for our law firm, so we did not receive it. Okay, no, no, I'm sorry. I didn't mean to be rude because that I don't see as a particular problem at all. My question, though, has to do with there are a number of different cases that tell us that courts decline to address budgetary issues where the budget year in question has already passed. So if the budget year in question has already passed, what effectual relief can we offer even if you were successful? So this would fall under the public interest exception to the mootness doctrine because this is a situation where this issue comes up all the time and it's capable of being repeated every single budget year between these parties. Okay. Because so that's what it is. It's a situation where, and unfortunately, townships and road districts that have had this issue before have fallen into the mootness trap because one of the cases cited by one of the circuit court authorities below the Naperville township case, that case was actually appealed to the second district appellate court, went through arguments and went, fully briefed, went through oral arguments and ultimately an election transpired and the newly elected board there ultimately just decided every, since there were new township officials, everyone was just going to dismiss that case. And because of that, this issue comes up repeatedly with townships. So townships and road districts really do need a judicial interpretation of their respective rights and authorities with respect to this issue. Okay. Right ahead. I don't want to take up any more of your time. Okay. Well, actually, Ms. Kraffheffer, I'd like to hear what you have to say about jurisdiction. Okay. Okay. All right. All right. With respect to jurisdiction, we believe that we should be able to proceed for two reasons. First of all, for the reasons that we articulated in our reply brief with respect to, this was not at all raised on appeal by the appellants at any part prior to the reply. And it's really a relitigation of the motion to reconsider that they filed previously. In this situation, the circuit court clerk sent the circuit court's opinion to an incorrect address and we never received it. We heard from our client that he had heard that there had been a ruling, which triggered my colleague to call Ms. Johnson and we received ultimately the court order from her. We filed the appeal within two days of when we actually read the opinion. So for the reasons that we stated in our original motion that we filed before the court, we believe that this court has jurisdiction. So the substantive issue before the court today is this issue about when can a township board modify a tentative budget that's presented by a highway commissioner. And the key statute is section 6-501C of the Illinois Highway Code, but I think it would be helpful to kind of briefly review the whole process of budget and levying for the road district because I know the court had asked us to address a specific section of the township code also. So I'm prepared to address that. So in summary, most of the process is set forth in section 6-501C of the Highway Code. And what's supposed to happen, and most of this is not in dispute at all between the parties, is that annually at the beginning of the fiscal year, the highway commissioner is to submit a tentative budget to the township, well to the township clerk. The clerk publishes it, there's a public hearing on it, and at the public hearing, the township board is to adopt all or part of the budget depending on what they deem to be necessary or not necessary. Other than what the township did, do you contest anything procedurally that went on? I think technically, well, it depends if you would characterize this as a procedural impediment or not. I think what they failed to do here was make any determination as to what part of the budget was necessary or not necessary. And they're asking the court to imply that just because they passed a reduced budget, that the reason for that was a decision that it was unnecessary. But I don't think that's the correct analysis here. There's nothing in the record to confirm any analysis of what part of the budget was necessary or unnecessary. And there was nothing stipulated between the parties about that. And I think had that happened, a lot of this case wouldn't be here today, because the judiciary wouldn't want to be second guessing a legislative finding of that nature. But here, that finding didn't occur. They simply passed a budget. We don't know if they passed a reduced budget because they wanted to politically retaliate against the This isn't a situation where they took the budget and they said, okay, you want this amount for road improvements? That's acceptable. You want this amount for health insurance? That's acceptable. You want this amount for a snowplow? We don't think that's necessary. That type of analysis, which would have been proper didn't occur here. So instead, what happened is there was just a kind of global reduction of certain line items. And that's what believe was improper. But back to the overall process here. So that's supposed to happen. And that's around the beginning of the fiscal year. And then later in December is when the levy process occurs. And that's the court asked us to address the section. And I'll do that momentarily about the interplay of the levy section of the statute. Now, um, I believe what is important to look at here is just the facts of what happened. So the highway commissioner requested a tentative budget of a little over $515,000 for the general road fund, and for 11,500 for the building and equipment fund. And the party stipulated that the township modified the budget by reducing it by $249,500, which is a 37% reduction to the budget. Now, absent from the record here is any kind of analysis by the township board as to what was necessary and what what was not necessary. And I think the devil is in the details with this, because certainly it's important to have checks and balances. And there's this tension always with township law, with respect to the fact that a township is a separate and independent unit of local government than a road district. But the highway commissioner is a township official, the township has certain oversight, oversight responsibilities over the township board. But one thing the township board is not given any function or responsibility to do at all is to engage in road district maintenance, to oversee road district projects, anything like that. So I think it's completely reasonable that the General Assembly intended to have this checks and balances system, where we don't we don't want highway commissioners to be little dictators, where they present their budget, and then they, that has to just be rubber stamped by the township board. Because if that were the case, then this section of the we would be actually disregarding the second half of the statutory language in question here. The part that gives the township the authority to pass a budget. But on the other hand, if we were to take the position that the circuit court took in this case, which is that well, they can reduce whatever they want, and they can do it for whatever reason they want. That is really taking away the role of the highway commissioner in managing the road district operations. Let me see if I'm understanding your position. Are you saying then that if they had given an explanation for why they they modify these three amounts, it's okay that they actually perform modifications of line items? Or are you saying that they're not they don't have the authority to modify line items at all? Whether they give an explanation or not? I believe that first of all, I would I would change what you said just a little bit. I'm not saying that they had to give an explanation. I believe they had to make a finding as to whether parts of the budget were necessary or unnecessary, and they wholly failed to do that. I understand your question about line items, because in our response to motion for summary judgment, when we were discussing the amaranthus case, that is how the circuit court in that case proceeded. And we believe that that was a more sound application than the other case. But no, I believe if they would have gone through, and they would have said, okay, you've proposed $100,000 for the road district budget. What did that include? And the highway commissioner said, well, that's five projects for $20,000 each. And they would say, well, we only think three of those projects are necessary this year, and we're going to take $40,000 out of your budget. I believe they have the authority to do that. I don't think they would be able to just say, though, we're reducing your budget from $100,000 to $60,000 for road improvements without any finding that it was unnecessary. I also don't believe they can micromanage a road district to the extent where they can say, you still have to do those five projects, but you have to do them on $60,000, even though all your records say that it should be 100. Because I think there has to be some authority and responsibility given to the modifying your position somewhat. Because your very first argument is that Section 6501C does not provide a township board with the authority to modify a line item in the highway commissioner's tentative budget, period. Not that they don't have authority without giving explanation, or they have to provide some reason, or they have to classify it as necessary or unnecessary. Your argument in your brief is essentially, they have no authority to modify line items within a tentative budget at all. Isn't that true? I thought that was in response to the, there were several motions for summary judgment filed before the trial court, and that was our argument then in response to what the Amarantus court was doing. I'm reading brief and argument of plaintiff appellant Arlen Cunningham, page four, argument under the heading argument, subsection one. Oh, yes. Okay. So if you look at the second paragraph under that, or maybe the title of the argument didn't specify it accurately, but if you look at the section down there, we argue this provision gives the township board three options. It can accept the budget, it can reject it, or it can accept one part of the budget and reject another part of it. Right. I mean, that's it. That's the extent of the authority you say they have. But now I'm hearing you argue and say that, well, if they give you an explanation, then they can go ahead and make modifications to line items, as long as they give you an explanation of it. Okay. Let me clarify. I don't, I might've misspoke if I said, as long as they give an explanation, I meant to say they have to have a finding that it's necessary or not necessary, because that's what the statute says. And so our part of the argument in our brief where I, the third part where it says it can accept one part of the budget and reject another part of it. That's absolutely what section 601, or I'm sorry, five, six dash 501 C says. It says, quote, the township board of trustees or highway board of trustees, as the case may be at the public hearing shall adopt the tentative budget and appropriation ordinance or any part as the board of trustees seems necessary. So we, I mean, we're not disputing that. That's not what happened here though. So they're, what they're saying is because we adopted a reduced budget, we had the ability to do that without the, there had, should be a presumption that the reason that we did that was that we found it unnecessary. And I don't think there's, I don't think the record supports that because having represented few feuding township officials for over 30 years, there are often instances where people holding the purse strings power have the ability to jam up people at their discretion, but, and it has nothing to do with necessity of expenses. Sometimes it's political retaliation or they don't like the person or now in Illinois, there's a whole clamor for the abolition of local governments, including road districts. And some townships are trying to proper because there's another statutory scheme that actually allows that. But if we adopt the position of the township in this instance and say that they can just, they can just take a budget and they can pass whatever they want and they can just reduce it because that means if they reduce it, that, that they just found it was unnecessary. We could end up with a really situation where they've now defunded the entire road district and have abolished it by budgetary fiat. And these statutes aren't, aren't perfect and they create a lot of problems, but I think that the general assembly anticipated perhaps incorrectly sometimes that elected township and road district officials would behave in a reasonable fashion and, and try to work these out. But that's why this case, no matter how it goes, is just so important to Illinois township officials. I want to address the issue that the court had asked us to address also, which has to do with section 235-25 of the Illinois township code. So this section says in each, it's called tentative budget and appropriation ordinance for tax for road and tax for road purposes. In each road district comprised of a single township, the township board shall adopt a tentative budget and appropriation ordinance for road purposes and shall levy the amount determined by the highway commissioner and certify to the county clerk the amount necessary to be raised by taxation for road purposes as provided in section 6-501 of the Illinois highway code. Now in, in order to in conjunction with the section of the highway code that we're talking about, it's probably helpful to just look at where this law comes from in the middle of the township code. So article 235 of the township code addresses the township's ability to tax. And when we examine Dillon's rule, which I know the party talked about, the parties talked about before the cert court and also in the briefs, we know that all local governments have to be able to, to point, all non-home governments have to be able to point to some source of authority for doing what they're doing. And so this is the article of the township code that gives townships the ability to tax. And at first it talks about purposes for which townships can tax. It talks about tax rates, special taxes they can impose, general assistance tax, and then it concludes with this section. So this is the section of the law that gives township governments the ability to levy for road districts for a separate unit of local government. Now I actually think the language here supports our position, but in somewhat of an ironic way, because it's, it's more clear from this statute that they have to completely adopt a levy proposed by the highway commissioner than it is in highway code section, where it talks about this discretion they have over the adoptions of all, are all part of the budget. But I think that supports our position in this instance, because it would be ludicrous to say a highway commissioner can produce a budget that basically says he wants a million dollars and the township can cut that down to $200,000 just based on their $200,000. He can still do that under this section of the township code. So I think the best cohesive reading of all the statutes involved would be the position that we're taking, that there, you can't just have this arbitrary percentage reduction throughout the budget with any articulated basis and without making those kind of findings. If we were forced to choose among circuit court opinions, which I don't think this court is required to do, then I would say that that's where that issue with amaranthus and the line items came up, but I don't think that that is the limited remedy that, that this court would be able to impose. But for these reasons, we ask that you rule in favor of the highway commissioner and the road district. Thank you, counsel. Ms. Johnson, on behalf of the appellee, you may make your argument at this time. You're not, you're muted. Better start again. Tricky little thing. Okay, there you go. Good afternoon. My name's Emily Johnson and I represent the appellees in this case. That is Brighton Township Board of Trustees and the township supervisor, Monica Barnett, as well as the individual members of the township board. Very briefly, the first issue I would like to address is the court's jurisdiction to hear the matter. While I do understand that this court has liberal authority with respect to motions filed under 303 E for purposes of preservation, I just want to point out our basic argument with respect to jurisdiction is that Illinois Supreme Court Rule 303 E still, and we're talking about plain meaning and the merits of this case, it still provides that a reasonable excuse be made. From my review of the case law on this issue, I have not found any court to hold the fact that opposing counsel did not receive a copy of the order alone in and of itself, not combined with any other special circumstance to be a reasonable excuse. With respect to a more detailed argument, I will rely on our brief. I'd rather reserve my time to get to the merits of the case, if that's okay. The issue at the heart of this... They say you're on mute also. I have a question about the jurisdiction issue, and so basically you're coming from the standpoint that counsel has an obligation to follow their case and stay on top of that, and they should have been checking. That's correct, Your Honor. This was not a day or two, or I know that there's a case that says, you know, an attorney mis-calendared or docketed the appeal date for two days after, and the court said that was a reasonable excuse. They filed the motion with the judiciary. I was notified on the day the order was entered. The only excuse is that they physically didn't receive a copy of the order in the mail. We gave our proposed orders in July of 2019, and we had the order in October, and I didn't hear from them until December. So we had proposed no excuse whatsoever from July to December. Let me ask a procedural question. We're not arguing back at the time you might have made an objection to their filing a late notice. We've allowed them to file a late notice. They have filed it within the 60 days that they were allotted, and so now you're asking us to reverse our finding that they had a reasonable basis or a reason for filing late, because we've already approved it. So what's your burden at this point? It's not just arguing, well, we don't think it's reasonable. We've already gone past that. The court's already determined there was a reasonable basis and allowed them to file their appeal late, so now we're a step beyond that. What's your burden at this step? I don't think of it really in terms of my burden. To me, jurisdiction is the court has it or doesn't have it, so I mean, I just don't think of it. We already decided we did, so now you have to convince us we didn't. Okay. Well, it's basically a motion to reconsider. I did file that. Well, it'd be a motion to reconsider, a motion to reconsider, because this would be the second time. Well, I'm talking about our grant. I filed a motion to reconsider your original grant, and that was denied, and so then I'm just observing the issue at the outset. Am I brief correct? Okay. Ms. Johnson, do you perceive the argument by Ms. Kraftheffer to have conceded that the to me, Your Honor, and in fact, Judge Trumper in the trial court order, she addressed this issue of whether or not the board had some obligation to have findings or give a reason for only partially approving certain line items. She specifically addressed that in her order when she discussed the Kernan decision, and what she said was in that particular case, the Kernan court found that the Illinois legislature specifically chose not to include limiting language when roads are managed by a township highway commissioner and the road district budget is adopted by the township. Had the legislature, and this is from Judge Trumper, intended for the board of trustees to simply be able to approve or disapprove the highway commissioner's budget, then certainly the legislature would have asked the board to disapproval and recommend the necessary changes for the road district budget as we see in the express language of 605 ILCS 5-6129, which was it's a statute that Kernan mentioned where the county board could not alter the county superintendent of highway budget without giving these specific reasons in writing. So there is a statute very similar to the one we're discussing in this case, and in that one it specifically provides that they have to give their findings, they have to provide reasoning. So Judge Trumper, rightfully so, said the legislature could have done the same thing in this case, and that language is obviously missing from 6-501C. Ms. Johnson, what does this language mean in 6-501C, basically where it talks about the adoptative budget or any part as the board of trustees deems necessary? That sounds like line item striking to me. I would agree with you, your honor. That is our argument as the appellees in this case, that the board had the authority, had every right to approve portions of the line items that were submitted by the highway commissioner. The appellants keep implying that it's a modification, and because the word modification or the word amendment does not exist in 6-501C, then the board is not allowed to modify or amend. As Judge Trumper said in her order, it's not a modification, it's not amendment, it's a partial approval, and that is directly in line with the language that you just read, your honor. Approve, you know, in part. Accept parts of it. And, you know, the statutory canon that says we can't read a statute in such a way as to render a portion of it completely meaningless. And if you take the appellant's position and you read the statute as they would have you read it, meaning the board can only approve or deny the entire budget in its entirety. That's their position. That's not what they argued. They argued you can approve it, you can deny it, or you can approve it in part. Why wouldn't that mean that you could decide amounts, but then it's left to the discretion of the highway commissioner to figure out how he's going to reallot his money because he's the one who knows what he needs in these various line items, not the board. They've taken the position that we're not allowed to make any changes to the numbers the highway commissioner gives us, period. We can only reject the budget. That's it. That's the position. They said you had three options. We argued previously that you have three options. Approve it, reject it, or approve it in part. In other words, decide that you're only going to approve this much of the budget. That's our position. They do not agree with that. That's what happened in this case, and that's our position that it was okay. They disagree with that. Their position has changed. Initially, they said you can approve it, reject it, or approve it in part. By in part, at that point anyway, they were apparently arguing you can decide how much amounts might be, but as far as making actual changes to line items, which is what was done here, they changed amounts in three different locations. They added $1,000 here. They took out $200,000 there, and they said, well, you can't make the decisions with regard to individual line items. You can make decisions with regard to the full budget itself. You can say, okay, you want $500,000? No, we're going to give you $300,000. Now, it goes back to the highway commissioner, and he or she decides how they're going to distribute that money within their line items, since they're responsible for the day-to-day operations, which seems to have some logic to it. The argument apparently now, however, is no, as long as you give a good reason, you can make the line item adjustment. So, I think you're halfway there already. Well, Ms. Johnson, I mean, I want to make sure I'm understanding. Your position is that by saying rejecting other parts, when you strike a line item, you're rejecting that part. Is that what you're saying? No, Your Honor, and I'll just, for example, what happened in this case in particular, just as one of the items, he proposed $515,400.80 for his general road fund, and just as an aside, I want the court to understand that the highway commissioner chooses those categories in his budget, not the township board. So, council mentioned earlier, you know, we could talk about a snowplow, or we could get into these subcategories. That was his choice. His choice was to make a generic, large general road fund, and the proposed requested amount was $515,000 approximately. We approved $264,500. We approved it. So, it's just a matter of semantics, which is the argument in the brief. We didn't reject. It's the glass half full, empty approach. So, we approved $264,500 of it. Judge Trumper agreed that that's a partial approval, and that was contemplated by the legislature when drafting the statute. But you rejected what he asked for. We partially approved what he asked for. Okay. Ms. Johnson, do you agree with the counsel for the appellants that there's a lot of uncertainty on this question, and that resolution is helpful, or would be helpful, or even necessary for the relationship of townships and road commissioners and all the rest of it? Judge, up until recently, I would say that's absolutely true, and I agree with that. I did notice that the House introduced a bill in February of 2020. But for COVID, this could be moot. We might not even be here today. So, but COVID happened, and I don't know if that thing is in committee. I don't know if it's going to come out. I don't know if it's going to get through. If it doesn't pass, then your decision really matters. What's your position on whether it's moot because of the passing of the budget year? I would agree with counsel in terms of this being a special issue that has the township officials in the state of Illinois. I've heard from various township officials, attorneys for townships, this is a big political cog, if you will. It creates a lot of impasse. It creates a lot of contention, and everybody just wants an answer. You know, even the courts, you've got Amaranto's court doing one thing, and then you've got, you know, yeah, you've even got the judges going, you know, is this really, you know, trying to figure out what was really intended? The legislation that's proposed basically gives the highway commissioner the authority. No, it gives the board the authority. Pardon me, I'm sorry, it gives the board the authority to make those decisions. Thank you. What it does is it takes that language in 6501, and then it mirrors it to that township taxing section, and then adds additional language. The way I look at the 235, which is what the court asked us to look at, and counsel is correct, that is part of the township code, and so if you can think about it in terms of an index, the township code, it really requires a section that addresses levying taxes for township roads, and then you go over to the Illinois Highway Code, and it really needs a section which addresses how do we fund our highways. So 235 is the general statement of this is how we are going to levy taxes by this method to fund these roads, and then it says as provided in 6501C. You go to 6501C, and that takes that general grant, and it gives much more specific instruction with regard to how the process works, so publication, public hearing. In fact, 6501 goes into how much the county clerk can actually levy. It caps it at a certain percent, so it's much more detailed, but it should be read certainly together, but we still are going to come back to 6501C. We're always going to come back to that, because that's the more specific information we need. Thank you. Thank you. Do you want me to keep going? Sorry. Anything further? Yes. I have a couple more. I didn't see if my time came up. No, of course not. I'm sorry. You're good. You will be notified. Okay. Thank you. There are three arguments in support of our position. We believe that the actual language of 6501C allows a township board to accept portions of the highway commissioner's budget. Basically, a reduction or a striking to us is equal to accepting of a portion, and that's the discussion we had earlier. We believe it's exactly the same thing. It's just a different way to say it. The next argument, not allowing the township board to approve portions of the line items, as the appellants would suggest, renders that portion of the statute, quote, or any part as the board of trustees deems necessary, meaningless. Third argument, not allowing the township board to approve portions would create an absurd result. Council tried to make the argument that approving portions would lead to this constant back and forth. It's actually quite the opposite. If they reject the entire budget because they are not satisfied with a particular line item, then we have this budget going back to the highway commissioner, continually being amended, going back to the board, where they're just going to continually reject it. As a practical matter, that political impasse that's likely to occur in several townships is going to lead to no funding for the road district. And we have to have roads fixed. We have to have road work done. We have to have our capital improvements done. Everybody would agree to that. So if you don't have this ability to approve portions, you just keep going back, back and forth. It's circular. The fourth argument in support of our position is that the legislative history, and those first three arguments are, you know, they're intrinsic aides. They are, you know, statutory construction cannons. And in terms of an extrinsic aide, we really have to look at the legislative history here, specifically portions of the debate on the highway commissioner. We specifically discussed the possibility that someone could get that this language could be interpreted to give the highway commissioner total authority over the budget and preempt any approval power or approval ability of the board. Senator Shoonman specifically made it clear in the discussion, we've included this in our brief as well, that the language did not detract from the power of the board to quote set the budget. Well, let me ask this council, going back to that section you're referring to, is it your position that it authorizes the board to accept the commissioner's proposed budget, reject it, or accept parts of it while rejecting other parts, specifically, as Justice Holder-White asked, to essentially engage in line item reductions? I would call it line item partial approvals, but yes, your honor. So that if there were in any given budget $100,000 allocated for some particular purpose, the board can approve the budget but reduce that amount to $80,000 in their judgment? They can approve only $80,000 of the $100,000 requested, yes. If it were for materials, let's say to work on a highway, they could do that? Yes. And to what extent would our SOAP concluding be inconsistent with section 235.25 from the Township Act? As I stated before, I believe that 235 does not conflict because it specifically says in the last sentence, it references that it has to also comply with 6501C. So we just come right back around to the exact same argument. I would say that it is certainly, it's your position that 6501C authorizes a line item reduction, that is a reduction of particular item, $100,000 for road equipment, we're going to reduce it to $80,000. With that interpretation of 6501, then there's no problem with 235.25? There's no problem. I don't think it's as clear as it could be, but it looks like the legislature is clearing that up. But I certainly don't think it would be impermissible under the way that it's currently written. By the same token, the commissioner could ask for $20 million. And if we were to accept the appellant's argument, we would have to rubber stamp that. We have tiny townships that don't have that kind of money. Go ahead. Oh, I'm sorry, your time is up. So you'll be given an opportunity. Well, actually you won't, you're the appellee. Thank you for your honor, Ms. Johnson. Then on behalf of the appellant, do you have any rebuttal? Just briefly, I think our argument has in part been mischaracterized here. I don't believe this is a matter of semantics or the glass is half full or the budget is half approved. I think in listening to council, it's actually a more fundamental issue of governmental authority. And the reason I say that is it's the question of how does the governmental body act? When a governmental body passes an ordinance or takes a legislative act, can we just imply behind their reason or behind their action what the reason for that was? And I think the answer is no, which it goes back to the part of the adoption of the budget, all or as part as they deem necessary. I don't think it can be implied that just because they reduced it, it meant they thought it was not necessary. Governmental bodies under the Open Meetings Act have an obligation to take all their legislative action openly and transparency, and they can only take final action at public meetings. So if they pass a budget at a public meeting and they don't say anything at that public meeting, they don't make any finding, they don't have any discussion about this being necessary or that, there's a significant ambiguity created. And I think that's why I'm asking this here. I'm going to go ahead and ask this question, counsel. It seems to me that the key issue is what is, what is the phrase or any part regarding the budget in section 6501 mean? And Justice Holder-Wright asked earlier, why isn't that an indication that on any part the board has the right to look at the $100,000 the Highway Commissioner wants for materials to the work of the road and to conclude that's too much, we're going to reduce it in our judgment to 80. Why isn't the, or any part, language authorize it to do that? I believe it does authorize that to do that if they make a finding that that's unnecessary in the budget. Well, now you're back. No, and actually, wait, if you go back to the record on page 18 of the record in the trial court's decision, that's exactly what we said about the Naperville Township case. Well, let me, let me ask it this way. The statute contains no requirement that they make a finding. The statute just says they shall approve or reject it or any part thereof. And if we were to accept your argument that before they can do that, they have to make a finding or it's not authorized. Aren't you asking us in effect to amend the statute by including phrases or language and requirements? It's not there. No, I'm not. Because you stopped a little short when you cited the statute because it says shall adopt the tentative in a budget, budget and appropriation ordinance or any part as the board of trustees deems necessary. And that's why I started my rebuttal by saying it's an issue of governmental power, because how can we tell whether or not they deemed it necessary or not? If they don't say anything about it, why isn't, why isn't there doing it a sufficient indication they deemed it necessary? Because maybe they didn't deem it necessary. Maybe they reduced it because they don't like the highway commissioner or it's an issue of political retaliation or because they want to show that they have the power. That's a lot different than an analysis as to whether or not, like a rational approach to whether or not items in a budget are necessary or not. And if they're taking the position, we reduced it because we felt it was unnecessary. There should be something in the record that shows that. Do they have to rebut a presumption of bad faith or bad dealing in order for this to apply? No, but they need to follow the express counsel. Well, I'm saying the express language, it says any part as the board of trustees deem necessary. How can they deem something necessary if they don't take public action in an open meeting? It's necessary as they explain it is essentially the language you're adding, isn't it? Or they discuss it or there's something in the open public record, which shows why they made that finding. Yes. And I don't think procedurally they're procedurally, they're going to be making these decisions at that public hearing. I mean, the way it's structured in the statute, that's when they pass or approve the budget is at that one public hearing that they have. So if they take that action, why isn't that sufficient? Since they've obviously deemed it necessary. Well, sadly, because having lived through more of these public hearings than I would have hoped to, what happens sometimes is there is not a debate and a dialogue in the whole public hearing. It doesn't say that they're required to have a debate or dialogue just says they have to have a public meeting. But that's my exact point then, because if they say, for example, that, all right, we're going to reduce the budget by 50% budget motion to approve the ordinance it's passed. I don't think we can imply that that was a finding on their part that it was unnecessary. That's my point. Okay, council. Thank you. I want to thank both council for appearing under these unusual circumstances. Appreciate the arguments you made. The court will take this matter under advisement and be in recess. Thank you.